FILED
CLERK
3/9/2016 3:58 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
TATIANE SOUZA DE OLIVIERA,

       Plaintiff,

-against-

SYNERON, INC., A/K/A SYNERON MEDICAL LTD., COSTA TROPICAL BEAUTY SPA, INC., ROSAGELA SLOMSKI,

       Defendants.
----------------------------------------------------------------x

**ORDER**
13-cv-5562 (ADS)(ARL)

**APPEARANCES:**

**Osita Emmanuel Okocha, Esq.**
*Attorney for the Plaintiff*
88-14 Sutphin Boulevard, 2nd Floor
Jamaica, NY 11691

**Morris Duffy Alonso & Faley**
*Attorneys for the Defendant Syneron, Inc. a/k/a Syneron Medical Ltd.*
Two Rector Street, 22nd Floor
New York, NY 10006
  By: Leigh Harris Sutton, Esq.
     Jeannine M. Davanzo, Esq., Of Counsel

**NO APPEARANCES**

**Costa Tropical Beauty Spa, Inc.**
*Defendant*

**Rosagela Slomski**
*Defendant*

**SPATT, District Judge.**

On October 8, 2013, the Plaintiff Tatiane Souza de Oliviera (the "Plaintiff") commenced this action against the Defendants Syneron, Inc. a/k/a Syneron Medical

1

Ltd. ("Syneron"), Costa Tropical Beauty Spa, Inc. ("Costa"), and Rosagela Slomski ("Slomski"), to recover damages for injuries she suffered as a result of an allegedly defective product designed and manufactured by Syneron. The Plaintiff also seeks to recover damages for alleged racial discrimination and retaliation, and violations of the Fair Labor Standards Act, by the Defendants Costa and Slomski.

On November 27, 2013, Syneron filed an answer to the complaint, generally denying the Plainitff's allegations; asserting forty-seven individual affirmative defenses; and alleging various cross-claims, including claims for contribution and indemnification against co-Defendants Costa and Slomski

Between October 8, 2013 and July 9, 2014, the Plaintiff took no actions to prosecute her case as against Costa and Slomski. After nine months had passed without the Plaintiff effecting service of the pleading upon Costa and Slomski, this Court issued an order directing her to show cause as to why the action should not be dismissed as against them for failure to prosecute.

In a responsive letter, the Plaintiff's counsel, without any supporting detail, stated that the Plaintiff had "made so many attempts to serve" Costa and Slomski "without success" and thus concluded that "they are evading service." Due to these circumstances, and counsel's own unspecified health issues, counsel requested additional time to serve the complaint.

Thereafter, another four months passed without the Plaintiff effecting service on Costa and Slomski. On November 4, 2014, the Court issued a second order to show cause as to why the action should not be dismissed against them for failure to

2

prosecute. In response, the Plaintiff's counsel submitted the identical letter he originally sent four months earlier, again summarily stating that Costa and Slomski were evading service.

Despite the apparent shortcomings of counsel's responses, the Court nevertheless determined that the Plaintiff had not been given adequate notice that the failure to serve the complaint on Costa and Slomski would result in a dismissal of her claims against them. Thus, the Court extended the Plaintiff's time to serve these Defendants to December 9, 2014, and warned that no further extensions would be granted.

On December 4, 2014, Costa was served by service upon the Secretary of State. Costa and Slomski were also served at an address in New York City, which the process server asserted was Costa's usual place of business. Finally, the Plaintiff mailed a copy of the summons and complaint to both individuals at the same New York City address.

However, as Judge Lindsay appropriately noted, the Plaintiff again took no actions to prosecute her case as against any of the Defendants between December 4, 2014 and July 18, 2015. Accordingly, on July 8, 2015, this Court issued a third order directing her to show cause as to why the action should not be dismissed for failure to prosecute.

In a responsive letter, the Plaintiff's counsel indicated that he intended to file a motion for default judgments against Costa and Slomski. The Court granted the Plaintiff ten days, until July 30, 2015, to do so.

On August 3, 2015, the Clerk of Court noted the default of Costa and Slomski. On August 14, 2015, two weeks after the expiration of the Court-imposed deadline, the Plaintiff filed her motion for a default judgment.

On August 15, 2015, the Court referred this matter to United States Magistrate Judge Arlene R. Lindsay for a recommendation as to whether the motion for a default judgment against Costa and Slomski should be granted, and if so, whether damages should be awarded, including reasonable attorney's fees and costs.

On January 13, 2016, Judge Lindsay issued a Report and Recommendation (the "R&R"), recommending that the Plaintiff's motion for a default judgment be denied in its entirety, and that her claims against Costa and Slomski be dismissed without prejudice. In this regard, Judge Lindsay concluded that the allegations against Costa and Slomski were so lacking in factual detail that they could not pass muster under the applicable pleading standards.

Further, Judge Lindsay specifically directed the Plaintiff to serve a copy of the R&R on the Defendants and file proof of service with the Court. To date, the Plaintiff has not complied with this directive and no proof of service has been filed. Nor has the Plaintiff filed objections to Judge Lindsay's recommendation that her claims against Costa and Slomski be denied.

Accordingly, pursuant to 28 U.S.C. § 636 and Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 72, the Court now adopts Judge Lindsay's January 13, 2016 Report and Recommendation in its entirety; denies the Plaintiff's motion for a

4

default judgment; and dismisses the complaint as against the Defendants Costa Tropical Beauty Spa, Inc. and Rosagela Slomski, without prejudice.

Further, on December 7, 2015, the Defendant Syneron filed a motion pursuant Fed. R. Civ. P. 41(b), seeking to dismiss the complaint as against it based on the Plaintiff's failure to prosecute. More than three months have passed and the Plaintiff has also not opposed this motion.

Under Rule 41, the Court must consider several factors in determining whether a dismissal is warranted, including:

> (1) the duration of the plaintiff's failures or non-compliance; (2) whether the plaintiff was on notice that the delay would result in dismissal; (3) whether the defendant is likely to be prejudiced by any further delay in the proceedings; (4) whether the court's interest in managing its docket outweighs the plaintiff's interest in receiving an opportunity to be heard; and (5) whether a lesser sanction is available and would be effective.

Brown v. Cnty. of Nassau, 14-cv-0247, 2015 U.S. Dist. LEXIS 44654, at *5 (E.D.N.Y. Apr. 6, 2015) (citing Baptiste v. Sommers, 768 F.3d 212, 216 (2d Cir. 2014); Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009)).

Applying this analytical framework, the Court is of the view that the Plaintiff's complete inaction over the course of more than two years; her disregard for the service obligations imposed by Judge Lindsay's R&R; and her failure to oppose the pending motion to dismiss the complaint, require dismissal at this time.

However, the Court notes that this dismissal is without prejudice and the Plaintiff is granted leave to replead within 30 days of the date of this Order.

The Clerk of the Court is directed to close this case.

It is **SO ORDERED**

Dated: Central Islip, New York
March 9, 2016

*/s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge